# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-cr-34-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| APOLINAR MERAZ-MAGANA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 20, 2019, defendant Apolinar Meraz-Magana ("Meraz-Magana" or "defendant") was sentenced to an aggregate term of imprisonment of 270 months, with credit for time served, following his guilty pleas to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b) and 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(A)(i). (Doc. No. 305 (Judgment); *see* Doc. No. 252 (Plea Agreement).) Now before the Court is Meraz-Magana's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 412 (Motion).) Appointed counsel elected to not file a supplement, and the government filed an opposition to the motion. (Doc. No. 413 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In his motion, Meraz-Magana asks the Court to reduce his sentence under Amendment 821, representing that he is "an offender with no prior criminal history (Zero-point offender)[.]" (Doc. No. 412.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[1] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2).

At the time of sentencing, Meraz-Magana's prior criminal convictions resulted in a criminal history score of zero. (*See* Doc. No. 413, at 2 (citing Doc. No. 291 (Final PSR), at 11).) Meraz-Magana is not entitled to relief under Part B of Amendment 821, however, because he pleaded guilty to possessing a firearm in furtherance of a drug offense. This conviction precludes a reduction under § 4C1.1(a)(7). Additionally, at the time of sentencing, Meraz-Magana received an adjustment under U.S.S.G. § 3B1.1 for having an aggravating role in the criminal activity. (*See* Doc. No. 291, at 11.) Accordingly, Meraz-Magana is also disqualified under § 4C1.1(a)(10) from receiving the two-level downward adjustment. He is, therefore, ineligible for a sentencing reduction based on Part B of Amendment 821 concerning "zero point offenders." Further, because

---

[1] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

2

Meraz-Magana is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 412) is DENIED.

**IT IS SO ORDERED**.

Dated: January 10, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**